## BOSTON AND MAINE RAILROAD *vs.* SALOME D. MONTGOMERY & others.

Essex. November 5, 1875. WELLS, COLT & MORTON, JJ., absent.

Upon the assessment of damages sustained by the taking of land for a railroad, it appeared that the estate out of which the land was taken was a farm, and that the land taken was on the bank of a river. The bill of exceptions stated that a farmer who had lived many years in the vicinity of the land, and had known of sales of land in the neighborhood, and was allowed without objection to testify as to the value of the land taken, and of the inconveniences resulting to a farmer from being deprived of access to the river, was asked what in his opinion was the damage to the remainder of the farm of the loss of the river bank, which was excluded; that the petitioner also claimed damages by reason of being excluded from the river bank for purposes of fishing and from a fishing ground, but that it did not appear that the witness had any special or superior knowledge on the subject of fishing or of fishing grounds; and that other witnesses for the petitioner testified to the value of the river bank as affording facilities for fishing. *Held*, that the bill of exceptions disclosed no error in the exclusion of the farmer's testimony.

PETITION for a jury by a railroad corporation dissatisfied with the assessment by the county commissioners of damages to the respondents' land, occasioned by the taking of a portion of it by the petitioner for a railroad. Trial in the Superior Court, before *Allen*, J. who allowed a bill of exceptions in substance as follows:

It appeared that the estate out of which the land was taken bounded upon the Merrimack River, and was occupied as a farm, and that the land so taken and cut off was next to the river.

A witness who was a farmer and had lived many years in the vicinity of this land, and had known sales of land in the neighborhood, and was allowed without objection to testify as to the value of the land taken, and of the inconveniences resulting to a

farmer by being excluded from access to the river, was asked what, in his opinion, was the damage to the remainder of the farm by reason of the loss of the river bank, and, in another form, how much, if any, the remainder of the farm was diminished in value by reason of the taking and cutting off by the railroad of the river bank. The corporation objected to this question. The judge sustained the objection, and ruled in effect that the substance of the question in any form was inadmissible.

Among other elements of damage, the landowners claimed damages by reason of being excluded from the river bank for purposes of fishing and from a fishing ground, and it did not appear that this witness had any special or superior knowledge on the subject of fishing or of fishing grounds. Witnesses subsequently introduced by the landowners testified as to the value of the river bank as affording facilities for fishing.

The landowners, being dissatisfied with the amount awarded by the jury, alleged exceptions.

*H. N. Merrill*, for the landowners.

*H. Carter*, for the corporation, was not called upon.

BY THE COURT. The bill of exceptions shows that the witness was allowed to estimate in money the value of the land taken, and leaves it at least doubtful whether he was not allowed to estimate in the same way the amount of the inconveniences resulting to a farmer from being deprived of access to the river — so that the consequent diminution in value would be ascertained by deducting the one sum from the other, which could easily be done by the jury — and does not show that the owners of the land claimed damages by reason of being excluded from the river bank for any purposes as to which the witness had any special or superior knowledge. The landowners therefore fail to sustain their exceptions.                          *Exceptions overruled.*